PER CURIAM.
The appellant, a juvenile, appeals an adjudication of delinquency on a charge of battery. The questions presented on the appeal challenge (1) the sufficiency of the evidence to sustain a battery and (2) the legality of the detention by a security guard pursuant to Section 901.34, Florida Statutes (1975) [1].
Our review of the record in the light of appellant’s contentions shows that no error appears. As to the sufficiency of the evidence, it is clear that the force used in a criminal battery need not be sufficient to injure. See Section 784.03, Florida Statutes (1975); and Restatement, Second, Torts §§ 18 & 19. As to the claimed illegal detention, the facts support the trial judge’s conclusion that the security guard, acting under the authority of the cited section, had probable cause to detain the juvenile because there were reasonable grounds for the store employee to believe that the appellant was engaged in activity whereby goods held for sale by the merchant were being unlawfully taken. Cf. State v. Outten, 206 So.2d 392 (Fla.1968); and Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974).
Affirmed.

. “(1) A peace officer, or a merchant, or a merchant’s employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person and that he can recover them by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time. Such taking into custody and detention by a peace officer, merchant, or merchant’s employee shall not render such police officer, merchant, or merchant’s employee criminally or civilly liable for false arrest, false imprisonment, or unlawful detention.
“(2) Any peace officer may arrest either on or off the premises and without warrant any person he has probable cause for believing has committed larceny in retail or wholesale establishments.”
if; if! 5k * ¡f¡