444 So.2d 580 (1984)
Peter LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1656.
District Court of Appeal of Florida, Fifth District.
February 2, 1984.
*581 Edward I. Matz, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction of battery. Appellant was charged with aggravated battery by use of a "deadly weapon, to wit: Tae-Kwon-Do." Tae-Kwon-Do is a method of combat. Appellant urges the trial court erred in refusing to direct a verdict as to the aggravated battery charge because there was no proof regarding the use of a deadly weapon to commit the battery. It is an interesting question but we cannot answer it because appellant was convicted not of aggravated battery, but of battery. The question is moot. Appellant requests a new trial on battery but he has been fairly tried and convicted of that offense. The evidence is sufficient and he does not challenge the sufficiency of the evidence as to the battery conviction.
As a second point on appeal appellant argues the court erred in allowing evidence regarding the injuries suffered at the hands of appellant. The aggravated battery statute provides for alternative methods of violating it.[1] The state chose to charge this appellant with violating it by use of a deadly weapon and not by causing bodily harm. In fact, a reading of the charging document reveals the appellant had been charged in both ways  bodily harm and deadly weapon  but the bodily harm part was crossed out. The case went to the jury as a deadly weapon case, so it is immaterial to the charge that the victim was injured. L.D. v. State, 355 So.2d 816 (Fla. 3d DCA 1978). It may very well be error to admit evidence which is not material to a charge, especially if the evidence is emotional, inflammatory or meant to mislead. However, because the evidence is quite clear that the battery was committed and we cannot determine that the jury was, or could have been, inflamed enough to reach an unjust or incorrect verdict or that the accused was unduly prejudiced, any error was harmless. Compare McGriff v. State, 417 So.2d 300 (Fla. 3d DCA 1982); See Eaton v. State, 307 So.2d 915 (Fla. 3d DCA 1975).
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] Section 784.045, Florida Statutes (1981) provides:

(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.