530 So.2d 936 (1988)
Derinda EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1372.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing and Certification Denied October 5, 1988.
*937 Richard L. Jorandby, Public Defender, and Iola Thomas, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant was charged by information with aggravated battery with a deadly weapon. She was tried by a jury, found guilty and now appeals her conviction, asserting first that the trial court erred in denying her the opportunity to cross-examine the victim regarding the victim's drug addiction and treatment.
It is beyond question that great latitude is allowed the defense in the cross-examination of a witness in order to show interest, opportunity for observation, disposition to speak truthfully and ability to speak accurately. Killingsworth v. State, 90 Fla. 299, 105 So. 834 (1925); Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983); § 90.608(1)(d), Fla. Stat. (1985). This latitude has been extended to permit the introduction of evidence for purposes of impeachment, that a witness took drugs either when testifying or at the time of the incident involved. Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930). Appellant asks this court to further extend the rule to permit cross-examination of the victim to show that her drug use and treatment, which occurred prior to the time of the offense, adversely or detrimentally affected her recollection of the events in question.
The jury is the ultimate fact finder and in performing that role makes determinations as to the credibility of each witness that takes the stand. When testimony about a witness' past use or misuse of drugs is introduced to discredit the memory and perception of that witness without the benefit of expert medical or psychiatric explanation concerning the effect of drug use on memory and perception, the jury is permitted to draw uninformed and uneducated medical conclusions which they as lay persons are clearly unqualified to do. Indeed, there does not even appear to be consensus in the medical community about the long-term effects of drug use. We therefore decline to extend the scope of cross-examination in this area and hold that the trial court did not err in excluding this testimony. But see Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983); Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976).
Appellant's next claim is that the trial court erred in overruling her objections to testimony regarding appellant's prior bad acts. At trial appellant cross-examined a state's witness, James Jackson, about an incident where another man, while shooting at appellant, had missed, and had instead shot and killed Jackson's friend. The testimony was elicited to bring out Jackson's alleged bias toward appellant. Appellant asked that the state be prevented from bringing out the fact that she had, prior to the shooting, pulled a knife on the man in the prior incident. The trial court ruled that cross-examination of Jackson on this incident would "open the door" for the state to inquire further on redirect. In spite of this ruling, appellant proceeded with the proposed testimony and, predictably, the state, on redirect, brought out the *938 fact that appellant had a knife in the prior incident. There was no error in permitting the testimony on redirect. Appellant had sufficient warning from the trial court that she would "open the door" if she brought up the prior incident. Appellant cannot initiate error and then seek reversal based on that error. United States v. Trujillo, 714 F.2d 102 (11th Cir.1983); Pope v. State, 441 So.2d 1073 (Fla. 1983).
Appellant's final claim is that the trial court erred in permitting two police officers and the attending doctor to testify as to the details and extent of the victim's injuries. Appellant claims that this was error because appellant was charged with aggravated battery committed with a deadly weapon, section 784.045(1)(b), Florida Statutes (1985), rather than aggravated battery by intentionally causing great bodily harm, section 784.045(1)(a), Florida Statutes (1985), and that only the latter requires evidence of the injuries inflicted. While admitting testimony regarding the nature and extent of the victim's injuries may have been error, it was nonetheless harmless and cannot be said to have affected the verdict. See Lee v. State, 444 So.2d 580 (Fla. 5th DCA 1984).
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.