548 So.2d 656 (1989)
Derinda EDWARDS, Petitioner,
v.
STATE of Florida, Respondent.
No. 73286.
Supreme Court of Florida.
September 7, 1989.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Carolyn V. McCann and James J. Carney, Asst. Attys. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
We have for review Edwards v. State, 530 So.2d 936 (Fla. 4th DCA 1988), in which the district court held that Edwards was not entitled to cross-examine the aggravated battery victim regarding her past drug use and treatment. The victim had used drugs and had undergone treatment for drug use years prior to the offense, and Edwards intended to show that such drug use detrimentally affected the victim's recollection of events in issue at the trial. We find conflict with Duncan v. State, 450 So.2d 242 (Fla. 1st DCA 1984); Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983); and Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976). The district court in the instant case acknowledged conflict with Cruz and Morrell. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we approve the decision of the district court in the instant case.
The pertinent facts are as follows. Derinda Edwards was convicted of aggravated battery with a deadly weapon, and the evidence at trial established that Edwards stabbed the victim with a knife. During the course of the trial, the defense proffered cross-examination of the victim concerning her prior drug use. During the proffer, the victim testified that she had used drugs for twenty years, but that she had been "clean" for an interval of several years. She also testified that she had previously entered a methadone program for heroin addiction and had successfully completed that program; that she was not using drugs at the time the incident occurred; and that, during the time of her testimony, she was not using drugs. Defense counsel argued to the trial court that Edwards should be allowed to argue to the jury that, based upon the victim's testimony, she was not a credible witness and that her drug use would impair her ability to perceive and remember. The trial court rejected this argument and excluded the proffered testimony, but ruled that Edwards' counsel could question the victim about drug use on the days preceding the incident and on the night of the incident.
*657 On appeal, the district court acknowledged that great latitude must be given to defendants in their cross-examination of witnesses and that this latitude includes "the introduction of evidence for purposes of impeachment, that a witness took drugs either when testifying or at the time of the incident involved." 530 So.2d at 937 (citing Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930)). The district court then affirmed the trial court's holding that the proffered testimony was inadmissible, stating:
When testimony about a witness' past use or misuse of drugs is introduced to discredit the memory and perception of that witness without the benefit of expert medical or psychiatric explanation concerning the effect of drug use on memory and perception, the jury is permitted to draw uninformed and uneducated medical conclusions which they as lay persons are clearly unqualified to do. Indeed, there does not even appear to be consensus in the medical community about the long-term effects of drug use. We therefore decline to extend the scope of cross-examination in this area and hold that the trial court did not err in excluding this testimony.
530 So.2d at 937 (citations omitted).
Edwards asserts that we should adopt the principle set forth in the First District Court of Appeal's decisions in Morrell, Cruz, and Duncan. In Cruz, the First District Court stated:
Florida jurisprudence has long sanctioned the admissibility of evidence disclosing that the witness took drugs either at the time he was testifying, or at the time of the occurrence of facts about which he has testified, for the purpose of impeaching his credibility. Our court has gone further, by permitting evidence of the witness's drug-taking at times other than during the occurrence of the offense.
437 So.2d at 694 (citations omitted).
To adopt that view, we would have to recede from our decision in Eldridge v. State, 27 Fla. 162, 9 So. 448 (1891), in which we stated:
The proof must go further and establish either that the mind of the witness was impaired generally by the use of it, or at least under the influence of the opiate at the time the testimony was taken. The testimony here offered by the State falls short of this test and should have been excluded. There was no testimony to show that the witness ... was under the influence of morphine either at the trial or at the time of the event about which he testified, nor is it shown that his mind was impaired generally by the use of morphine.
Id. at 185, 9 So. at 453. This view, as expressed in Eldridge, is supported by two authoritative commentators. In Florida Evidence, Professor Ehrhardt states: "[T]he better view is that evidence of drug addiction or taking drugs at times other than the event or trial is admissible only if it can be shown to be relevant to the witness's ability to observe, remember and recount." C. Ehrhardt, Florida Evidence § 608.6 (2d ed. 1984) (footnote omitted). Also, in McCormick on Evidence, it is stated:
[A]s to drug addiction to which more social odium has been attached, many decisions allow it to be shown to impeach, even without evidence that it did in the particular case affect truth-telling, although more courts, absent a particular showing of effect on the witness's veracity, would exclude it. Most federal cases agree. In respect to both addictions the excluding courts seem to have the better of the arguments. It can scarcely be contended that there is enough scientific agreement to warrant judicial notice that addiction in and of itself usually affects credibility.
E. Cleary, McCormick on Evidence § 45 (3d ed. 1984) (footnote omitted). A contrary view is expressed in Handbook of Florida Evidence:
[T]he trend appears in favor of permitting the introduction of evidence of narcotic addiction. Pursuant to Section 90.401, evidence of narcotic addiction possesses at least the minimum probative value necessary to establish relevancy, with or without the aid of an expert *658 witness to interpret the effect of narcotic addiction on the particular witness. However, introduction of such evidence is subject to exclusion under Section 90.403 whenever unfair prejudice or misleading of the jury is likely to result. Whether evidence has been offered as to the effect narcotic addiction has had on the particular witness's ability to perceive, record, recollect, narrate, and understand the obligation to testify truthfully will be an important factor in assessing the probative value of such evidence in light of the trial concerns recognized in Section 90.403.
M. Graham, Handbook of Florida Evidence § 608.4 (1987).
We find that the view expressed by this Court in Eldridge and Nelson should continue to prevail. This view excludes the introduction of evidence of drug use for the purpose of impeachment unless: (a) it can be shown that the witness had been using drugs at or about the time of the incident which is the subject of the witness's testimony; (b) it can be shown that the witness is using drugs at or about the time of the testimony itself; or (c) it is expressly shown by other relevant evidence that the prior drug use affects the witness's ability to observe, remember, and recount. None of the petitioner's arguments have convinced us that we should change our previous rulings, and we do not find the Illinois decisions cited by the petitioner to be persuasive. See People v. Strother, 53 Ill.2d 95, 290 N.E.2d 201 (1972); People v. Lewis, 25 Ill.2d 396, 185 N.E.2d 168 (1962); People v. Crump, 5 Ill.2d 251, 125 N.E.2d 615 (1955). We note that in Crump, the earliest of these Illinois cases, the witness was actually using drugs on the day of the offense about which she was testifying. We also note that the Illinois court has adopted the view that "habitual users of opium, or other like narcotics, become notorious liars." Id. at 261, 125 N.E.2d at 621 (quoting State v. Fong Loon, 29 Idaho 248, 258, 158 P. 233, 236 (1916)). We are not willing to adopt that generalization without supporting medical evidence.
We find the district court correctly disposed of the other issues in the instant case and we find no cause to address them in this proceeding.
For the reasons expressed, we approve the decision of the Fourth District Court of Appeal in the instant case and disapprove the decisions of the First District Court of Appeal in Morrell, Cruz, and Duncan to the extent that they conflict with this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
KOGAN, J., dissents.