570 So.2d 421 (1990)
John Henry GISSENDANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2076.
District Court of Appeal of Florida, First District.
November 21, 1990.
*422 Stephen M. Witt, Lake City, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, John Henry Gissendanner, appeals a judgment adjudicating him guilty of robbery with a deadly weapon and aggravated battery. He contends that the trial court committed reversible error by permitting the victim to testify about the injuries he allegedly sustained during the robbery, and by refusing to permit Gissendanner to sit among the spectators in the courtroom when the victim was called upon to identify his assailant in court. We affirm the first issue, finding that the error, if any, was only harmless. See Edwards v. State, 530 So.2d 936 (Fla. 4th DCA 1988), approved, 548 So.2d 656 (Fla. 1989); Lee v. State, 444 So.2d 580 (Fla. 5th DCA 1984).
As to the second issue, Gissendanner argues that because identification was an issue, and because he was the only black person in the courtroom, he was entitled to sit among the courtroom audience rather than at defense counsel's table in order to test the victim's ability to identify him. We do not agree. Although we find no Florida cases directly on point, we observe that there are a number of federal cases in which courts have held that the trial court has broad discretion to decide whether a protective strategem, such as that requested by appellant, is necessary. See, e.g., United States v. Sebetich, 776 F.2d 412, 420-21 (3d Cir.1985), cert. denied, 484 U.S. 1017, 108 S.Ct. 725, 98 L.Ed.2d 673 (1988); United States v. Brown, 699 F.2d 585, 593-94 (2d Cir.1983); United States ex rel. Clark v. Fike, 538 F.2d 750, 755-56 (7th Cir.1976), cert. denied, 429 U.S. 1064, 97 S.Ct. 791, 50 L.Ed.2d 781 (1977). We concur with this approach, and conclude that the trial judge did not abuse his discretion in this case.
AFFIRM.
BOOTH and BARFIELD, JJ., concur.