PER CURIAM.
This case is before us on remand from the Supreme Court of Florida for further consideration of State v. Wright, 600 So.2d 457 (Fla.1992), which quashed this court’s decision in Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991). The original opinion ordered that defendant Kenneth Wright was entitled to a new trial. Following statements made in State v. Wright, 600 So.2d 457 (Fla.1992), we find no error occurred in the trial court’s disallowance of Wright’s peremptory challenge which was the basis upon which we had previously ordered Wright be granted a new trial. See Jefferson v. State, 595 So.2d 38 (Fla.1992). Accordingly, we affirm defendant Wright’s conviction on four counts of driving under the influence, § 316.193(3), Fla. Stat. (1989), and on one count of driving with a suspended license, § 322.34(3), Fla. Stat. (1989).
We do, however, find error in the departure sentence ordered and vacate Wright’s sentence and remand on that basis. In Smith v. State, 598 So.2d 1063 (Fla.1992), the Court concluded, as a uniform rule of retroactivity, “that any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final.” Id. at 214. With specific regard to the requirement of Ree v. State, 565 So.2d 1329 (Fla.1990), that any reasons for a departure sentence must be given by the trial judge contemporaneous to sentencing, the court held “that Ree shall apply to all cases not yet final when mandate issued after rehearing in Ree.” Smith, at 1066. We conclude that the instant case falls within the class of cases to which Ree now applies and in which the failure to enter a contemporaneous order requires sentencing within the guidelines range.
Accordingly, we vacate the departure sentence imposed and remand with instructions to resentence Wright within the presumptive guidelines range.