609 So.2d 728 (1992)
Douglas WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 92-690.
District Court of Appeal of Florida, Fifth District.
December 4, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, and Steven G. Mason, Law Offices of Steven G. Mason, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the propriety of an instruction on flight in a criminal aggravated battery case.
The victim, who is visually impaired and suffers from seizures, had known the defendant and the defendant's girlfriend for about a year prior to an evening when the defendant and the defendant's girlfriend visited the victim in the victim's home. During the visit a dispute occurred between the victim, the defendant and the defendant's girlfriend. The facts are in dispute but the truth of the disputed facts is not essential to a decision on a decisive point in this case. The victim alleges that the defendant, in effect, committed an aggravated battery with a deadly weapon upon him and that he, the victim, bit the defendant's thumb in self defense while the defendant alleges that the victim assaulted the girlfriend and bit the defendant's thumb and that the defendant's actions in beating the victim and scalding the victim *729 with hot water were acts of self defense. Finally, when the victim indicated he was going to call "the law," and went to a neighbor's house, the defendant and the defendant's girlfriend left the area of the victim's home. The victim knew where the defendant lived.
Over the defendant's objection, the trial court instructed the jury on flight to the following effect:
When a suspected person in any manner endeavors to escape by flight, concealment, or other indication of a desire to avoid prosecution, that can be taken into account as evidence as one of a series of circumstances [from] which guilt can be inferred.
The defendant argues that in Fenelon v. State, 594 So.2d 292 (Fla. 1992), the supreme court ruled "that henceforth the jury instruction on flight shall not be given." 594 So.2d at 295. The supreme court indicated, however, that a flight instruction, even if erroneous, could be harmless when other evidence indicated the defendant's guilt beyond a reasonable doubt. Fenelon was decided one month after the trial in this case. The State argues that Fenelon is to be applied prospectively only and therefore does not apply in this case. We note the recent case of Smith v. State, 598 So.2d 1063 (Fla. 1992), which also considered the effect of retroactive application of supreme court decisions and that the Third District Court of Appeal has given Fenelon retrospective application but has also found harmless error. Wright v. State, 603 So.2d 624 (Fla. 3d DCA 1992); Bryant v. State, 602 So.2d 966 (Fla. 3d DCA 1992); Sanchez-Basulto v. State, 601 So.2d 1263 (Fla. 3d DCA 1992).
We hold that the retrospective application of Fenelon is unnecessary to a decision here because under the facts in this case an instruction on flight was inappropriate even prior to Fenelon. See Wright v. State, 586 So.2d 1024 (Fla. 1991).
Every time that a defendant leaves the area of an alleged crime does not mean the facts support an instruction on flight because of a natural inference indicating the consciousness of guilt. Flight implies a consciousness of guilt usually only when it reduces the chances of the defendant being identified as the perpetrator of a recently committed crime although to a lesser extent, it can also imply an effort to avoid apprehension. In this case, where the identity of the perpetrator was well known to the victim, and the victim knew where the defendant lived and could be located, the leaving by the defendant of the scene of the altercation did not justify an instruction on flight. There was no evidence in this case that the police were unable to readily locate the defendant at the defendant's residence or were unable to find him or that the defendant otherwise took steps to evade detection and apprehension, other than by not remaining at the victim's house.
Given the factual dispute here, where, in effect, both the victim and the defendant admitted their actions but claimed justified self defense, and the emotional factors involved resulting from the victim's disabilities, we cannot hold, as a matter of law, that the erroneous flight instruction was harmless. See State v. DiGiulio, 491 So.2d 1129 (Fla. 1986).
The defendant was charged with aggravated battery by using a deadly weapon under section 784.045(1)(a)2., Florida Statutes, and not with an aggravated battery by intentionally or knowingly causing great bodily harm or permanent disfigurement under section 784.045(1)(a)1., Florida Statutes. Therefore, evidence concerning the extent of the injuries inflicted by the defendant was not relevant and evidence as to those injuries should not have been admitted. See Lee v. State, 444 So.2d 580 (Fla. 5th DCA 1984). Accord Edwards v. State, 530 So.2d 936 (Fla. 4th DCA 1988), approved, 548 So.2d 656 (Fla. 1989).
Because of the erroneous and harmful instruction on flight, the defendant's conviction is reversed and the cause remanded for a new trial.
REVERSED and REMANDED.
COBB and DIAMANTIS, JJ., concur.