COBB, Judge.
The appellant, Marcus Paulk, who was convicted as a principal of two counts of attempted murder and one count of shooting within a building, contends the trial court should not have given a jury instruction on flight, and cites the recent case of Fenelon v. State, 594 So.2d 292 (Fla.1992), wherein the supreme court disapproved the *796 instruction as constituting a judicial comment upon the evidence.
The state contends, and we agree, that the objection that the flight instruction was an improper comment upon the evidence was not presented to the court; hence it has not been preserved for appellate review. Steinhorst v. State, 412 So.2d 332 (Fla.1982); Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983). The objection made to the trial court was that the evidence of flight was insufficient to warrant an instruction. That issue is preserved for appeal, and we agree with the appellant. The evidence was that Marcus Paulk was temporarily in Orlando to attend a sporting event at the time of the shooting. Afterward, he returned to his hotel and on the following day, as scheduled, he went home to Miami. There were no facts indicating an attempt to elude capture. Webb v. State, 609 So.2d 728 (Fla. 5th DCA 1992); Shively v. State, 474 So.2d 352 (Fla. 5th DCA 1985). As stated in Jackson v. State, 575 So.2d 181, 188-189 (Fla.1991), “Departure from the scene of a crime, albeit hastily done, is not the flight to which the jury instruction refers.”
The state argues that even if the flight instruction was improper, the error was harmless because of the quantum of evidence against the defendant. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We cannot make that finding beyond a reasonable doubt because there was conflicting testimony as to the extent, if any, of Marcus’s involvement in the procurement and firing of the pistol that was used in this incident. As in Webb, we reverse and remand for a new trial.
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.