669 So.2d 1085 (1996)
T.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1663.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

*1086 EN BANC

STONE, Judge.
We affirm an order adjudicating Appellant delinquent. The trial court did not err by admitting a photograph of the victim's injury notwithstanding that proof of victim injury is not a required element on a charge of aggravated battery by use of a deadly weapon. We consider this opinion en banc in order to clarify our opinion in Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994).
The photograph was of the victim's face allegedly cut by Appellant, using a razor. Several other photos of the victim's body allegedly cut by a codefendant, using a broken bottle, were excluded on the defendant's motion. The admitted photograph was deemed relevant.
Evidence depicting the extent of victim injury is often excludable where an aggravated battery is charged only by use of a weapon and not on the alternative basis of inflicting victim injury or disfigurement. See generally Clark; Edwards v. State, 530 So.2d 936, 938 (Fla. 4th DCA 1988), approved, 548 So.2d 656 (Fla.1989); Webb v. State, 609 So.2d 728 (Fla. 5th DCA 1992); Gissendanner v. State, 570 So.2d 421 (Fla. 1st DCA 1990). However, in this case, the evidence may be relevant for several purposes, including the following: to determine whether Appellant used a deadly weapon against the victim; to determine whether a battery even occurred; to counter the assertion that a razor blade was not used but only a bottle; to explain the victim's difficulty in making a clear statement to police immediately after the attack; and to demonstrate the manner in which the blade was used in order to qualify it as a deadly weapon.
In Clark, the defendant was charged with committing an aggravated battery by use of a deadly weapon. There, we said, "[i]n charging the defendant with subsection (b), the state was precluded from introducing evidence about the victim's injuries since only aggravated battery by intentionally causing great harm allows evidence of injuries." Id. at 89. In that case, the weapon was a dog, a pit bull, and the only dispute relating to the issue before us apparently was whether the appellant, in dropping the leash, intended the dog to bite the victim. The state conceded error in the admission of the evidence, and the question on appeal was whether admitting 18 photographs of the injuries was harmless error.
Here, we recognize that evidence of victim injury, even where not an element of the offense charged, is admissible if otherwise relevant. E.g., McGriff v. State, 417 So.2d 300, 301 (Fla. 3d DCA 1982); Peacock v. State, 638 So.2d 190 (Fla. 4th DCA 1994). See also King v. State, 545 So.2d 375, 378 (Fla. 4th DCA), rev. denied, 551 So.2d 462 (Fla.1989); Henderson v. State, 463 So.2d 196, 200 (Fla.), cert. denied, 473 U.S. 916, 105 S.Ct. 3542, 87 L.Ed.2d 665 (1985). This is consistent with decisions in other jurisdictions. See Arthur v. United States, 602 A.2d 174 (D.C.1992); People v. Maxwell, 130 Ill. App.3d 212, 85 Ill.Dec. 632, 474 N.E.2d 46 (1985).
Because Clark may be interpreted, as Appellant here asserts, as adopting a per se rule that requires the exclusion of evidence of victim injury whenever it is not an element of the charge, we deem it necessary to recede from that language to the extent that it may be interpreted as inconsistent with this opinion.
We also find no error as to the other issue raised that the state's amendment of the delinquency petition prior to trial was not timely. That issue has not been preserved for appeal. Castor v. State, 365 So.2d 701 (Fla.1978); R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990). Further, that issue cannot be resolved on this record: former section 39.048(6), Florida Statutes, required that a petition be filed within 45 days of a juvenile being taken into custody, but we cannot determine here precisely when Appellant was taken into custody. Cf. State v. C.J.A., 629 So.2d 300 (Fla. 2d DCA 1993); State v. D.B.C., 413 So.2d 455, 457 (Fla. 5th DCA), dismissed, 419 So.2d 1196 (Fla.1982).
Therefore, the adjudication and commitment are affirmed.
*1087 GUNTHER, C.J., and GLICKSTEIN, DELL, WARNER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.