LEE, J.,
for the Court:
¶ 1. Jimmy Dale Keys, Jr., was convicted for the August 5, 1996, murder of Fred Hovermale committed in Biloxi. From this conviction, he perfects his appeal to this Court and argues that the trial court erred in its interpretation of Mississippi Rule of Evidence 410 by not allowing Keys to cross-examine a State’s witness relative to a prior aborted plea bargain. Keys further argues that this exclusion violated his constitutional right of confrontation. As an additional argument, Keys asserts that the trial court erred in not allowing him to impeach Hendricks, a State’s witness, with a prior drug conviction and making an on-the-record determination that the probative value outweighed the prejudicial effect. Keys argues this determination denied him his constitutional right of confrontation. Finding the appellant’s argument relative to Rule 410 of the Mississippi Rules of Evidence to be with merit, we reverse and remand.
FACTS
¶ 2. On August 5, 1996, Fred Hovermale was shot multiple times in the head as he sat in his automobile on the side of the road near Keller Avenue in Biloxi, Mississippi. It appeared that upon being shot, Hovermale’s automobile traveled approximately one-half block, ran through a fence, hit a house, and caught on fire. At Jimmy Dale Keys’s trial, testimony placed Keys, Lamaine Magee, and Hovermale in Henry *457 Beck Park prior to the shooting of Hover-male. Witnesses testified that Hovermale had been at Henry Beck Park and a discussion had occurred between Hovermale and Keys. According to trial testimony, Hovermale had made two trips to Henry Beck Park to purchase cocaine. Testimony revealed on the last of these trips Hov-ermale sensed a problem with Keys and immediately exited the park. Trial testimony revealed that Keys entered his vehicle, with Magee in the driver’s seat, and instructed him to follow Hovermale and Magee did so.
¶ 3. At trial, Magee testified that he and Keys drove until Keys recognized the automobile that was driven by Hovermale. Keys then instructed Magee to stop the automobile, and Magee complied with this request. Magee further testified that Keys exited the car, approached Hover-male’s automobile, and had a conversation with Hovermale. Thereafter, Magee saw Keys fire three shots into Hovermale’s automobile. Magee stated that after he saw Keys shoot Hovermale, Keys entered the automobile still possessing the gun and instructed Magee to take him to his girlfriend’s house, and Magee obliged Keys’s request. The State also called Melvin Hendricks, Keys’s cousin, as a witness relative to Keys’s involvement in the murder of Hovermale.
¶ 4. Hendricks testified that he had seen Keys at his mother’s in New Orleans, Louisiana. At this time, Keys presented Hendricks with a cigar box containing a .22 caliber gun and requested that Hendricks get rid of the gun. Hendricks further testified that Keys had informed him that he was at the scene of the murder of Hovermale, but did not shoot Hovermale. Hendricks borrowed Keys’s car to visit his daughters, and shortly thereafter, he returned to Mississippi in Keys’s car with the cigar box containing the gun. Several hours later Hendricks talked with the Long Beach police and identified Keys as a possible suspect in the murder. Eventually, officers discovered Keys’s car at the apartment of Hendricks and searched the apartment. The search disclosed two guns, one which Hendricks stated he received from Keys and another which he stated belonged to an old girlfriend.
¶ 5. On February 4, 1997, an indictment was returned against Lamaine Lee Magee and Jimmy Dale Keys for the aforementioned crime. Lamaine Magee entered a plea of guilty. On December 2, 1997, Jimmy Dale Keys was found guilty for the murder of Fred Hovermale.
I. WHETHER THE TRIAL COURT ERRED IN ITS INTERPRETATION OF MISSISSIPPI RULES OF EVIDENCE 410 WHEN IT REFUSED TO ALLOW THE IMPEACHMENT OF A WITNESS WITH A PRIOR INCONSISTENT STATEMENT FROM A WITHDRAWN PLEA.
¶ 6. The first assignment of error was the trial court erred in its interpretation of Rule 410 of the Mississippi Rules of Evidence when it refused to allow the impeachment of a witness with a prior inconsistent statement from a withdrawn plea. Prior to the trial in this matter, the State filed a motion in limine to exclude the evidence relative to the testimony of La-maine Magee at his initial guilty plea hearing.
¶ 7. Magee had been offered a reduction in his sentence by the State if he would testify against Keys. The sentence imposed on Magee would be reduced from murder to accessory after the fact to murder. Ma-gee agreed and a hearing was held to enter his plea of guilty. At the guilty plea hearing, Magee testified that he had seen Keys exit the car and talk with Hovermale; however, he only heard shots and did not see Keys shoot Hovermale. Magee further testified that he did not see Keys in possession of a gun. Based on the testimony given by Magee, the State withdrew the reduction to his sentence, and no guilty plea was entered. Time passed and Ma-gee was relocated out of the cell block which contained Keys, and Magee agreed to testify against Keys for the reduction of *458 his charge to accessory after the fact to murder. The State agreed and at this second hearing Magee testified to the following: “I saw Jimmy Dale Keys shoot and kill Fred Hovermale. And he jumped back in the vehicle and we fled south on Elm Street in Biloxi.” At Keys’s trial, Magee testified to the same effect. Counsel for Keys sought to introduce the evidence of the initial plea bargain testimony of Magee which stated that Magee had only heard gunshots, but the court ruled under Rule 410 of the Mississippi Rules of Evidence such evidence was not admissible and, therefore, counsel for Keys could not cross-examine Magee relative to this information.
¶ 8. The issue presented by Keys is a case of first impression. Rule 410 of the Mississippi Rules of Evidence with the exception of paragraph three tracks the language of Federal Rule of Evidence 410 and reads as follows:
Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions (emphasis added):
(1) A plea of guilty which was later withdrawn;
(2) A plea of nolo contendere;
(3) Any statement made in the course of any proceedings under Mississippi statutory or rule of the court provisions regarding either of the foregoing pleas; or
(4) Any statement made in the course of plea discussions with any attorney for the prosecuting authority which does not result in a plea of guilty later withdrawn.
However, such a statement is admissible (1) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (2) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.
¶ 9. After a review of the record, the plain language of Mississippi and Federal Rule 410, and applicable law, this Court holds the trial judge was in error. On its face, Rule 410 is to apply to withholding evidence relative to prior pleas or plea discussions against the “defendant.” The State argued that because Magee was originally indicted as a co-defendant with Keys and was not sentenced until the morning of Keys’s trial he could still be classified as a defendant and defense counsel was not entitled to cross-examine Ma-gee relative to his first plea testimony pursuant to Rule 410 of the Mississippi Rules of Evidence. Though this Court wishes this were the case, the plain language of the rule and the case law does not support the argument presented by the State.
¶ 10. In United States v. Mathis, 550 F.2d 180, 182 (4th Cir.1976), a witness had plead guilty and the defense sought to use his prior testimony from his guilty plea hearing to impeach his testimony at the trial of the defendant. Federal Rule of Evidence 410, which the relevant portions for the purpose of this appeal mirror the Mississippi Rule of Evidence 410, only prohibits statements made in conjunction with a guilty plea from being used (1) against the person who made the plea, and (2) when that person has withdrawn the guilty plea. Id. at 182. The court made a distinction between using statements directly against the declarant as opposed to using the statements collaterally for purposes of impeachment and held that since the witness had not withdrawn the guilty plea and the statement was used collaterally it was admissible. Id. The case at bar is similar to Mathis, in the aforementioned respects. Counsel for Keys sought to impeach Ma-gee with his first plea bargain testimony. At Magee’s first guilty plea hearing, Ma-gee did not withdraw the guilty plea, but the State withdrew the offer. If counsel *459 for Keys had been allowed to cross-examine Magee, Magee’s testimony would not have been used in a way which would result in prejudice to him, but would be used collaterally to attack his credibility. Magee was a key witness in this case. In fact, he was the only eyewitness in this case, and Keys was entitled to impeach his credibility.
¶ 11. In Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983), disapproved on other grounds, Edwards v. State, 548 So.2d 656 (Fla.1989), the State had indicted three co-conspirators in the crime for which the defendant was being tried. At the defendant’s trial, one of the individuals charged as a participant in the crime became a key State’s witness and testified against the defendant. The State had filed a motion in limine to limit the defense in their cross-examination of the witness. One of the areas the State sought to restrict was that related to “any offers or negotiations made to [him] prior to or during his trial.” The trial court granted the State’s motion on the aforementioned point. The appellate court held that the trial court was in error in its ruling. The court looked at the language of Rule 410 which states “in any civil or criminal proceeding — against the person who made the plea or was a participant in the plea discussions ....,” and quoting the Advisory Committee Notes to Rule 410, Federal Rules of Evidence, 28 U.S.C.A. at 168 (1975), which states as follows:
Limiting the exclusionary rule to use against the accused is consistent with the purpose of the rule, since the possibility of use for or against other persons will not impair the effectiveness of withdrawing pleas or the freedom of discussion which the rule is designed to foster. See AMA Standards Relating to Pleas of Guilty, § 2.2 (1968). Id. at 696.
Wright and Graham provide further analysis on the use of plea-connected statements in a subsequent trial to impeach an individual other than the defendant on trial and state:
Of course, if the statement is beyond the scope of Rule 410 it can be used for impeachment, or any other purpose. Presumably the use of the statement to impeach the defendant when he testifies in some case in which he is not a party would be permissible. Moreover, in some cases the invocation of the rule by the prosecutor to prevent the defendant from using a plea-related statement for impeachment purposes might run afoul of the Confrontation Clause.
Wright and K. Graham, FedeRal Praotioe and PROCEDURE, § 5349, p. 416 — 417 (1980).
¶ 12. This Court therefore concludes after considering the aforementioned information that Mississippi Rule of Evidence 410 did not intend to excludé such statements from being used to impeach persons who were involved in plea bargains when they are not the individual on trial. We, therefore, find the trial court committed reversible error and remand the case for a new trial.
II. WHETHER THE TRIAL COURT DENIED THE DEFENDANT HIS CONSTITUTIONAL RIGHT OF CONFRONTATION WHEN THE TRIAL COURT REFUSED TO ALLOW THE DEFENSE TO IMPEACH A WITNESS, WHO WAS A FORMER CO-DEFENDANT IN THE CASE, WITH A PRIOR INCONSISTENT STATEMENT MADE AT A PLEA HEARING WHERE THE PLEA BARGAINING OFFER WAS WITHDRAWN BY THE PROSECUTION
¶ 13. For the first time, on appeal, counsel for Keys argues the second assignment of error was that Keys’s right to confront witnesses against him, as guaranteed by the Sixth Amendment to the U.S. Constitution and Article 3, Section 26 of the Mississippi Constitution, was violated by the refusal of the trial court to allow use of the withdrawn plea testimony of former co-defendant, Lamaine Magee, to attempt to undermine his credibility before the jury. This argument is intrinsically intertwined with the argument asserted by *460 Keys in issue one. In issue one, this Court determined the trial court was in error, and Keys will be allowed to cross-examine the witness relative to his initial plea bargain testimony. This holding grants Keys’s his right to confront the witness and voids the necessity of this Court addressing the argument presented in issue two.
III. WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENSE TO IMPEACH A PROSECUTION WITNESS WITH EVIDENCE OF A PRIOR CONVICTION.
¶ 14. The third assignment of error was the trial court erred in not allowing the defense to impeach a prosecution witness relative to evidence of a prior conviction under Rule 609 of the Mississippi Rules of Evidence. In 1991, one of the State’s witnesses, Melvin Hendricks, was convicted for possession of cocaine with intent to distribute. Melvin Hendricks, Keys’s cousin, testified that he had seen Keys in New Orleans, Louisiana. Keys had given him a cigar box containing a gun and asked him to take the gun and get rid of it. Hendricks left New Orleans in Keys’s ear with the cigar box containing the gun in the trunk. A few hours later, Hendricks called the Long Beach Police Department and gave a statement identifying Keys as the individual the police were searching for the murder of Hovermale. After the statement was given Hendricks drove back to his apartment. Later, police officers arrived at the apartment where Hendricks resided and discovered two guns in Herdics’s possession. Hendricks testified that one of the guns was that given to him by Jimmy Dale Keys and the other was a gun owned by an old girlfriend. The defense sought to impeach Hendricks relative to his prior conviction to impeach the credibility of his testimony. The State filed a motion in limine to exclude the prior conviction, and the trial judge granted the motion.
¶ 15. This holding followed a hearing conducted by the trial court outside the presence of the jury and involved both counsel for prosecution and defense, pursuant to Mississippi Rule of Evidence 609, as well as, the guidelines enunciated in Peterson v. State, 518 So.2d 632 (Miss.1987). The trial court must make an on-the-record determination that the probative value outweighs the prejudicial effect of the prior conviction. Id., at 636. The Peterson analysis entails an on-the-record balancing of such factors as: (1) impeachment value of the prior offense; (2) date of the prior conviction; (3) similarity between the past and presently charged offenses; (4)importance of defendant’s testimony; and (5) whether credibility is central. Id. Applying the balancing test required by Rule 609(a)(1), the trial judge determined that the prejudicial effect outweighed the probative value under Rule 403 of the Mississippi Rules of Evidence. This Court determines that the trial court followed the balancing test for Rule 609(a)(1) and was not in error in excluding the prior conviction.
IV. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT HIS CONSTITUTIONAL RIGHT OF CONFRONTATION WHEN IT REFUSED TO ALLOW IMPEACHMENT OF A PROSECUTION WITNESS WITH HIS PRIOR CONVICTION TO SHOW BIAS.
¶ 16. For the first time, on appeal, counsel for Keys argues as a fourth assignment of error that the trial court erred in denying the appellant his constitutional right of confrontation when it refused to allow impeachment of a prosecution witness with a prior conviction to show bias. The State argues that although appellant makes the argument to this Court, as in issue two, he did not make it to the trial court.
¶ 17. A review of the record substantiates the assertion by the State that no objection was made by counsel for Keys at the time counsel for the prosecution and *461 the defense presented their arguments to the court both for and against the admission of the withdrawn plea testimony. “It [has] been held consistently that the failure to make a contemporaneous objection at trial constitutes a waiver or any error subsequently assigned.” Moawad v. State, 531 So.2d 632, 634 (Miss.1988) (citations omitted). Therefore, this assignment of error is procedurally barred from review by this Court.
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.