908 So.2d 595 (2005)
David HAMMETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2705.
District Court of Appeal of Florida, Second District.
August 17, 2005.
*596 Deana Marshall, Riverview, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
David Hammett challenges his conviction for aggravated assault on several grounds. We find no error in the trial court's inquiry into Hammett's request to discharge appointed counsel, in the admission of prior consistent statements to rebut charges of recent fabrication, or in the prosecutor's closing argument, and we affirm on these points without discussion. But we reverse based on the trial court's exclusion of evidence regarding the victim's drug use.
The State's evidence described a day that culminated in an altercation between Hammett and the alleged victim, Scott Helling, during which Hammett allegedly threatened Helling with a steel bar.[1] At the time of the incident, Hammett lived with his girlfriend, Delsey Gaines. That morning, when Hammett returned from the store with groceries, Helling was at their home. Helling testified that Hammett became upset at his presence for "no reason," so Helling left at Hammett's request. What the jury did not hear was evidence that upon Hammett's arrival at the home he discovered Helling and Gaines smoking crystal methamphetamine. The trial court had granted the State's motion in limine to exclude this evidence.
Later that day, Helling went back to the house, and he and Gaines drank a few beers with a friend named Michelle Chipps. Helling testified that Hammett arrived one to two hours later and that Hammett again became upset and belligerent for reasons that Helling did not know. Chipps called the police, but Hammett left before they arrived. Hammett then returned and asked Helling to leave. Helling ran out the front door, and Hammett eventually followed. Helling testified that *597 Hammett grabbed a bar from the bed of his pickup truck and threatened Helling with it when he was fifteen to twenty feet away. Hammett, on the other hand, testified that Helling had run down the alley and was approximately 150 to 200 feet away before Hammett picked up the bar.
Hammett argues, and we agree, that the trial court abused its discretion in excluding the evidence of drug use. Hammett sought to introduce this evidence both to impeach Helling's ability to perceive and to explain why Hammett was angry at Helling's presence.
[E]vidence of drug use for the purpose of impeachment [is excluded] unless: (a) it can be shown that the witness had been using drugs at or about the time of the incident which is the subject of the witness's testimony; (b) it can be shown that the witness is using drugs at or about the time of the testimony itself; or (c) it is expressly shown by other relevant evidence that the prior drug use affects the witness's ability to observe, remember, and recount.
Edwards v. State, 548 So.2d 656, 658 (Fla. 1989). The trial court focused on the lack of expert testimony showing the drug's effect on a person's ability to perceive or remember, but such testimony was not necessary when the witness had been using drugs at or about the time of the incident which was the subject of the witness's testimony.
The State argues that this issue was not preserved because defense counsel failed to make a proffer, but we conclude from the record that the substance of the evidence was made known. See § 90.104(1)(b), Fla. Stat. (2002); see also Reaves v. State, 531 So.2d 401, 403 (Fla. 5th DCA 1988) ("While ordinarily the adversely affected party must proffer the excluded evidence to the court, a proffer is unnecessary when the substance of the excluded testimony is apparent from the context within which it was offered."). Accordingly, we reverse.
Affirmed in part, reversed in part, and remanded for a new trial.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] In our record the three-foot steel bar is repeatedly referred to as a crowbar, but Hammett, an ironworker, testified that it was called a "sleeper bar," which he used in his work to pry metal beams.