949 So.2d 342 (2007)
Calvin FELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1176.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*343 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Calvin Felton was convicted of false imprisonment, attempted sexual battery, and strong arm robbery. We reverse for a new trial because the circuit court improperly restricted Felton's cross-examination of the victim.
The victim testified that Felton attacked her in a field behind a Taco Bell. An independent witness heard the victim's screams and called the police. Before the police arrived, Felton got off of the victim and walked away with her purse, saying that she "owe[d] him."
Felton first argues that the trial court erred in denying his cause challenge to three potential jurors. A trial court's decision on a cause challenge is "subject to an abuse of discretion review." Castro v. State, 644 So.2d 987, 990 (Fla.1994); Carratelli v. State, 832 So.2d 850, 854 (Fla. 4th DCA 2002). "Discretion is abused `only where no reasonable [person] would take the view adopted by the trial court.' Singleton v. State, 783 So.2d 970, 973 (Fla. 2001) (quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)). Our review of the record indicates that the judge did not abuse his discretion in denying cause challenges for two of the jurors in question. As to the remaining juror, there was no reversible error because the judge gave Felton an additional peremptory challenge. See Jenkins v. State, 824 So.2d 977, 981 (Fla. 4th DCA 2002) (indicating that preservation of an error concerning the denial of a cause challenge requires a request for an additional peremptory challenge and a denial of that request).
We agree with Felton that the trial court improperly precluded him from cross-examining the victim about the fact that she was "on methadone" at the time of the incident. At the hearing on the state's motion in limine, the prosecutor told the judge that there was "no evidence" the victim "was under the influence of anything" on the day of the crime. However, at trial, the defense proffer established that the victim was on methadone when the crime occurred.
*344 Cross-examination is the main way that a litigant tests the believability of a witness and the truth of her testimony. The right to cross-examination is the primary interest secured by the confrontation clause of the Sixth Amendment to the United States Constitution. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). A party may attack a witness's credibility by "[s]howing a defect of capacity, ability, or opportunity in the witness to observe, remember, or recount the matters about which the witness testified." § 90.608(4), Fla. Stat. (2006). A witness's drug use at the time of the crime may impact her "capacity or ability" to observe the events in question.
In Edwards v. State, 548 So.2d 656, 658 (Fla.1989), the supreme court set forth the three situations where evidence of a witness's drug use is admissible to impeach the witness at trial:
[E]vidence of drug use for the purpose of impeachment [is excluded] unless: (a) it can be shown that the witness had been using drugs at or about the time of the incident which is the subject of the witness's testimony; (b) it can be shown that the witness is using drugs at or about the time of the testimony itself; or (c) it is expressly shown by other relevant evidence that the prior drug use affects the witness's ability to observe, remember, and recount.
This case falls under rule (a) in Edwards, because the victim admitted to being on methadone at the time of the attack. In precluding the evidence, the trial court focused on the lack of expert testimony showing the effects of methadone on a person's ability to perceive; however, expert testimony is not necessary when the witness used drugs "at or about the time of the incident which was the subject of the witness's testimony." Hammett v. State, 908 So.2d 595, 597 (Fla. 2d DCA 2005).
Another basis for admitting the cross-examination about the victim's methadone use is that the state opened the door to such testimony by portraying the victim in a misleading way on direct examination. On direct examination, the state painted a picture of innocent lovebirds who traveled to Florida for a family vacation; the victim testified that she came to Florida to be with her boyfriend and that she decided to move to Pompano Beach, the location of the Taco Bell, because she knew about the area from visiting her grandparents. In reality, the victim and her boyfriend were heroin addicts who moved to Florida to receive treatment at a methadone clinic in Pompano Beach. The proposed cross-examination was permissible to reveal the "whole story of a transaction only partly explained in direct examination." Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997).
We do not find this error to be harmless because, after reading the transcript of the trial, we cannot say "that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
Reversed and remanded for a new trial.
WARNER and TAYLOR, JJ., concur.