PER CURIAM.
The appellant was duly charged with a felony-murder during a robbery. He was found guilty of first degree murder after a jury trial and received a recommendation of mercy from the jury. He was sentenced to life imprisonment and this appeal followed.
The first point presented by the appellant urges that he was entitled to a trial before two separate juries; first upon the issue of his guilt and then upon the issue of the penalty. He argues that such a procedure would allow the elimination of questions about capital punishment upon the voir dire examination of the jury to try the issue of guilt or innocence. The authority presented is the discussion of Mr. Chief Justice Ervin in his special concurring opinion in Perkins v. State, Fla.1969, 228 So.2d 382, 393. As we read the opinion cited it contains suggestions for further development of the law and does not establish a procedure for the courts of this state. Inasmuch as the trial judge in the instant case followed the established procedure, no error has been demonstrated under this point.
Appellant’s second point urges that he was denied a fair trial because “the jury was made aware that the co-defendant Gibson confessed.” Our review of the record fails to sustain the factual basis for appellant’s assertion on this point. Appellant was granted a trial separate from that of his co-defendant. Nevertheless, it was necessary for the state to prove the guilt of Gibson because he was a co-perpetrator of the felony and the one who actually shot the victim. Gibson’s confession was not introduced into evidence and no error was committed by the trial judge in allowing proof of Gibson’s conviction. McClendon v. State, Fla.1967, 196 So.2d 905.
Appellant’s third point is directed to several comments by the prosecuting attorney on voir dire examination and during argument. The inquiry under such circumstances must be as to whether the conduct complained of is so prejudicial as to deprive the accused of a fair trial. Each case must stand upon its own facts. In the instant case the proof of appellant’s guilt was clear, and the evidence was overwhelming. Our review of the record convinces us that the remarks complained of were in some cases improper but were not sufficient to deprive the appellant of a fair trial. Collins v. State, Fla.1965, 180 So.2d 340; Paramore v. State, Fla.1969, 229 So.2d 855; DeLaine v. State, Fla.App.1970, 230 So.2d 168.
We have in the review of appellant’s points on appeal examined the entire record and find no prejudicial error.
Affirmed.