387 So.2d 493 (1980)
Donald E. RICHMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 79-368/T4-408.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
J. Cheney Mason, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from a robbery conviction. Although we affirm the conviction of the appellant, we deem it necessary to comment upon the conduct of trial counsel and certain statements made by the prosecutor in regard to a state's witness. The assistant state attorney said
Now as to Kevin Phillip Ellis, he was a State's witness. That means the State vouches for his honesty and his truthfulness in this particular case. And as a representative of the State of Florida, I do that; after interviewing Mr. Ellis intensively, and after talking to him intensively, I do vouch for him, and I do say that he is, and he is represented to be, by the State of Florida, a witness who came forward and told the truth in this matter. And that's exactly what he did in this matter.
* * * * * *
But I'm stating to you, and I contend that Mr. Ellis, in this particular situation, with this particular case, and all the events surrounding the case, has told you the truth, the honest truth, as he knows it to be, as it happened that night ...
Because there was no objection to these comments, there is no error for this court to correct. Clark v. State, 363 So.2d 331 (Fla. 1978). The comments were not invited by defense counsel, and this type of comment can hardly by invited. The speaker was in violation of disciplinary rule 7-106(c)(4), Florida Bar Code of Professional Responsibility, when he made those comments but that does not mean we should reverse the conviction of the appellant where no objection and no motion for mistrial was made. Clark v. State. See Sequin v. Houser Motor Co., 350 So.2d 1089 (Fla.4th DCA 1977).
Finding no error, we affirm the conviction and sentence.
AFFIRMED.
DAUKSCH, C.J., and ORFINGER and SHARP, JJ., concur.