663 So.2d 1379 (1995)
Jeffrey DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2406.
District Court of Appeal of Florida, Fourth District.
December 6, 1995.
*1380 Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals his January 1994 conviction for resisting arrest with violence and battery on a law enforcement officer. We reverse for a new trial based on the prosecutor's patently improper remarks during closing argument which constituted impermissible bolstering of the police officers' credibility by arguing that police officers would place their careers in jeopardy by lying.
The state's case hinged on the credibility of two police officers' accounts surrounding their attempt to execute an outstanding warrant on defendant. Officers Kahir and Hadden stopped defendant in connection with the outstanding warrant. According to the officers' testimony, as Officer Hadden turned his back to listen to radio confirmation of the warrant, defendant shouted "F____ This!" and began to run. The second officer, Officer Kahir, then grabbed defendant by the shirt, after which defendant punched the officer in the face at least three times. Seeing defendant strike Officer Kahir, Officer Hadden ran to provide assistance. The three men began to struggle and fell across the hood of a parked car and onto the street. Defendant was subsequently handcuffed and brought into custody.
The sole defense witness, Tara Pressley, testified to a different story based on her eyewitness observations. Pressley, who knew defendant when he was in high school, testified that she saw defendant being harassed by the police. She further observed a police officer grab defendant by the arm, throw him on the car and place him in a choke hold. Pressley testified she told the police to let him go when defendant said he could not breathe.
During closing argument the prosecutor made the following remarks:
The Judge is also going to tell you that you have the right to determine or to evaluate somebody's testimony by what they have to gain from it. Let's think about that right now. What does Officer Hadden and Officer Kahir have to gain by putting their careers in jeopardy, taking the stand and perjuring themselves?

(Emphasis added). At this point, defense counsel objected and moved for a mistrial on grounds that the prosecutor's comments constituted, "improper bolstering of the State's witnesses." The objection was overruled and motion for mistrial was denied. We agree with defendant that this remark was highly improper. At the very least, the trial court should have sustained the objection to this type of argument which we have previously condemned.
*1381 To argue that the police officers who testified had nothing to gain by lying on the witness stand because to perjure themselves would be to put "their careers in jeopardy" constitutes an improper attempt by the state to enhance the credibility of its witnesses. It is an impermissible attempt to persuade the jury to believe the police officers solely because they are police officers. As the first district observed in Garrette v. State, 501 So.2d 1376, 1379 (Fla. 1st DCA 1987):
Suffice it to say that a prosecutor may argue any reasons (if supported by evidence) why a given witness might or might not be biased in a case, but may not properly argue that a police officer must be believed simply because she is a police officer or that other witnesses called by the State should be believed because the prosecutor would not have called his witnesses to the stand if he could not vouch for their credibility.
Here the prosecutor represented to the jury that his witnesses must be telling the truth because they would lose their jobs if they lied. The jury was asked to believe the police officers over the citizen because they, unlike an ordinary citizen, would have nothing to gain and everything to lose by committing perjury. There is simply no evidence of this in the record, nor would it most likely be appropriate to introduce evidence of police procedures for dealing with police officers caught lying about a police incident.
Care is often taken in voir dire to insure that a juror will not give more weight to a police officer's testimony simply because he or she is a police officer. The type of argument made by the prosecutor in this case is an attempt to destroy that neutrality. It also potentially invites a defense lawyer to respond in kind, a practice we do not condone.
In Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994), we condemned a nearly identical closing argument:
[W]ould they [the police] actually put their credibility with this Court, put their jobs on the line by coming in here and risking getting caught by not telling the truth in reference to one of their law enforcement cases? Does it mean that much that they would do that? Would they have taken it this far, what is their incentive to lie?
In Clark, while reversing on other grounds, we explained the reason such arguments are inappropriate:
Although the comments were not an affirmative statement of the prosecutor's belief in the veracity of the police officer witnesses, compare State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991), Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978), the prosecutor's argument constitutes an inappropriate attempt to persuade the jury that the police officer's testimony should be believed simply because he or she is a police officer. Garrette v. State, 501 So.2d 1376, 1379 (Fla. 1st DCA 1987); Houston v. State, 394 So.2d 557 (Fla. 3d DCA 1981). In no uncertain terms, the prosecutor's argument was that police officers would not testify falsely because they have too much at stake and would not risk their jobs.
In addition, the argument makes reference to matters outside the record and constituted impermissible bolstering of the police officer's testimony. See Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993) (query as to why the police officers would risk all their years and their unblemished records improperly constituted impermissible bolstering of officers' testimony by matters not supported by the record); Valdez v. State, 613 So.2d 916 (Fla. 4th DCA 1993) (comment that police officers stand between us and "anarchy" improperly focused jury's attention on matters outside the record).
In Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993), this court held that the prosecutor's repeated reference to the police officer's "unblemished record," which was not supported by evidence in the record, constituted impermissible bolstering of the police witness and warranted reversal:
[A]ppellant was correct that the claim regarding the unblemished records was not adequately supported by the record and constituted impermissible bolstering of the officers' testimony. E.g., Blackburn v. State, 447 So.2d 424 (Fla. 5th DCA 1984); *1382 Richmond v. State, 387 So.2d 493 (Fla. 5th DCA 1980); Francis v. State, 384 So.2d 967 (Fla. 3d DCA 1980). Because this case came down to a swearing match between the officers and appellant's witness, the error cannot be considered harmless.
In this case, the comments were nearly identical to those made in Clark and similar to those condemned in Landry. The mere fact that the prosecutor in this case did not expressly mention the police officers' unblemished records does not sufficiently distinguish the remarks from Landry or make this type of argument any less offensive. The essence of the impropriety is that the state is asking the jury to believe a police officer over an ordinary citizen because police officers place their careers in jeopardy by not telling the truth. The credibility of police officer witnesses cannot be bolstered by arguing that they would put their careers in jeopardy by lying. Compare State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991), Buckhann v. State, 356 So.2d 1327, 1328 (Fla. 4th DCA 1978).
The only remaining question is whether the error can be deemed harmless or whether it requires reversal for a new trial. Here, the state's case hinged upon the believability of its witnesses, Officers Kahir and Hadden. Accordingly, as stated in Landry, "[b]ecause this case came down to a swearing match between the officers and appellant's witness, the error cannot be considered harmless." 620 So.2d at 1101. We cannot say beyond a reasonable doubt that this impermissible argument did not contribute to the verdict of guilt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Thus, we reverse defendant's conviction and remand for a new trial. Therefore we do not reach the issues related to sentencing defendant as a habitual offender.
WARNER and SHAHOOD, JJ., concur.