689 So.2d 1202 (1997)
Captain BUCKNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1659.
District Court of Appeal of Florida, Third District.
March 12, 1997.
*1203 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin E. Dardis, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and SORONDO, JJ.
PER CURIAM.
The Appellant was tried and convicted by a jury for the crime of sale of cocaine within 1000 feet of a school. He argues that his conviction must be overturned because of the prosecutor's improper comments during the trial. Specifically, during opening statement the prosecutor told the jury that, "[y]ou'll hear from Detective Green. I am sure that you will find him very credible." During summation the prosecutor made the following argument to the jury:
And it's also offensive to suggest that because Sergeant Green is a policeman that somehow his sole role is to come here and convict people and come here to testify in order to get a conviction. He puts his reputation on the line every time he makes an arrest, every time he does what he does, and he's under an obligation, he's under oath to sit here and testify truthfully, and that's what he did.
Later in the closing argument, the prosecutor said:
[The police officer] is putting his credibility on the line. He's doing his role trying to clean up South Miami of drugs, and that's what they had in the undercover operation.
The defendant objected and moved for a mistrial after two of these comments. It appears that the trial court did not rule on the defendant's objection to the comment made during the opening statement, but did deny the motion for mistrial. The defendant requested a curative instruction and the judge complied, saying to the jury:
Ladies and gentlemen, the last comment by counsel with respect to the credibility of the officer, disregard that. The issue of credibility is one that you alone will decide when you go back to decide this case.
As to the defendant's objection to the prosecutor's first comment during closing argument, again the court did not rule on the objection but did deny the motion for mistrial. No request was made for a curative instruction and none was given. No objection was made to the third and final comment.
We agree with the Appellant that these comments constitute improper bolstering. Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996); Williams v. State, 673 So.2d 974 (Fla. 1st DCA 1996); Cisneros v. State, 678 So.2d 888 (Fla. 4th DCA 1996); Davis v. State, 663 So.2d 1379 (Fla. 4th DCA 1995); Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994), overruled on other grounds by T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996); Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993); Garrette v. State, 501 So.2d 1376 (Fla. 4th DCA 1987); Blackburn v. State, 447 So.2d 424 (Fla. 5th DCA 1984); Richmond v. State, 387 So.2d 493 (Fla. 5th DCA 1980); Francis v. State, 384 So.2d 967 (Fla. 3d DCA 1980).
*1204 In Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990), we held that in order for a prosecutor's comment to merit a new trial, the comments must be of such a nature so as to: (1) deprive the appellant of a fair and impartial trial; (2) materially contribute to his conviction; (3) be so harmful or fundamentally tainted as to require a new trial; or (4) be so inflammatory that they might have influenced the jury to reach a more severe verdict than that which they would have reached otherwise. We do not believe the improper comments in this case, taken in their totality, require the granting of a new trial.
In its case in chief, the state presented the testimony of Sergeant Green, who, acting in an undercover capacity, actually purchased the cocaine in question from the defendant. Additionally, the state introduced a videotape recording of the entire criminal transaction. We are satisfied that any error in this case was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.