PER CURIAM.
Based upon the unrefuted record evidence below that the appellant purchased and retained 390 video disc players from appellee and later shipped a portion of the same overseas for resale to a third party purchaser, the trial court properly determined that appellant had accepted this merchandise within the meaning of Florida’s version of the Uniform Commercial Code as codified in section 672.606(1), Fla.Stat. (1993). The appellant’s act of reselling, or attempting to resell, the allegedly nonconforming merchandise purchased from the appellee is deemed an acceptance as a matter of law because it is an act inconsistent with the appellee’s ownership of the same. § 672.606(l)(c), Fla.Stat. (1993); Golden Needles Knitting and Glove Co., Inc. v. Dynamic Marketing Enters., Inc., 766 F.Supp. 421 (W.D.N.C.1991) (construing Chapter 672, Fla.Stat.); see also Commonwealth Propane Co. v. Petrosol Int'l, Inc., 818 F.2d 522, 527-28 (6th Cir.1987); Lorenzo Banfi di Banfi Renzo & Co. v. Davis Congress Shops, Inc., 568 F.Supp. 432, 433-34 (N.D.Ill.1983). Having thus accepted merchandise from the appellee, the appellant was obligated to pay the contract rate for the same. § 672.607(1), Fla.Stat. (1993). Accordingly, we find that summary judgment was properly entered in favor of appellee.
Affirmed.