717 So.2d 99 (1998)
Derek SINCLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2331.
District Court of Appeal of Florida, Fourth District.
August 19, 1998.
*100 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
We affirm appellant's conviction and sentence but write to admonish the prosecutor for the use of improper argument repeatedly condemned by this court.
During closing argument in appellant's trial for attempted first degree murder, robbery and armed burglary, the prosecutor, Mr. Shendell, commented on the veracity of one of the detectives who had testified, saying "Detective Shotwell, you have to determine if he is the kind of detective you want to believe or not. Do you (sic) want to put his career on the line and for whatever motivations as lead." Defense counsel objected and moved for a mistrial. The jury was excused, and the trial court admonished Mr. Shendell: "I'm very disappointed, Mr. Shendell, after three days of trial, as to make comments like that." The trial court proposed a curative instruction, which the defense reluctantly agreed to after the court denied the motion for mistrial. When the jury returned, the court instructed them that the prosecutor's previous argument was improper and should be disregarded.
This court has repeatedly condemned comments that the jury should believe a police officer because the officer would not put his or her career on the line by committing perjury. See Cisneros v. State, 678 So.2d 888, 890 (Fla. 4th DCA 1996); Davis v. State, 663 So.2d 1379, 1380 (Fla. 4th DCA 1995); Clark v. State, 632 So.2d 88, 91 (Fla. 4th DCA 1994), receded from on other grounds by T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996); Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993).
In Cisneros, this court reiterated its previous explanation as to why this type of argument is patently improper:
First, although such comments may not in some instances constitute an affirmative statement of the prosecutor's personal belief in the veracity of the police officer, they do constitute an inappropriate attempt to persuade the jury that the police officer's testimony should be believed simply because the witness is a police officer. Second, such comments make reference to matters outside the record and constituted [sic] impermissible bolstering of the police officer's testimony.
678 So.2d at 890 (internal citations omitted). Moreover, in Davis we noted that "[c]are is often taken in voir dire to insure a juror will not give more weight to a police officer's testimony simply because he or she is a police officer. The type of argument made by the prosecutor in this case is an attempt to destroy that neutrality." 663 So.2d at 1381 (emphasis in original). In fact, it is our concern that a statement such as "cops do not lie" is one of the most difficult arguments for the defense to overcome to a jury. We are particularly distressed that the prosecutor chose to rely on the very type of argument that we have so frequently condemned.
Nevertheless, we are constrained to affirm the conviction even while we admonish the prosecutor. In Bertolotti v. State, 476 So.2d 130, 133-34 (Fla.1985), the supreme court considered the effect of improper prosecutorial argument:
Nonetheless, we are deeply disturbed as a Court by the continuing violations of prosecutorial duty, propriety and restraint. We have recently addressed incidents of prosecutorial misconduct in several death penalty cases. Bush v. State, 461 So.2d 936, 942 (Fla.1984)(Ehrlich, J., specially concurring), Jennings [v. State, 453 So.2d 1109 (Fla.1984), vacated on other grounds, 470 U.S. 1002, 105 S.Ct. 1351, 84 L.Ed.2d 374 (1985)]; Teffeteller v. State, [439 So.2d 840 (Fla.1983)]. As a Court, we are constitutionally charged not only with appellate review but also "to regulate ... the discipline of persons admitted" to the practice of law. Art. V, § 15, Fla. Const. This Court considers this sort of prosecutorial misconduct, in the face of repeated admonitions against such overreaching, to be grounds for appropriate disciplinary proceedings. *101 It ill becomes those who represent the state in the application of its lawful penalties to themselves ignore the precepts of their profession and their office. Nor may we encourage them to believe that so long as their misconduct can be characterized as "harmless error," it will be without repercussion. However, it is appropriate that individual professional misconduct not be punished at the citizens' expense, by reversal and mistrial, but at the attorney's expense, by professional sanction. State v. Murray, 443 So.2d at 956.
....
Moreover, we commend to trial judges the vigilant exercise of their responsibility to insure a fair trial. Where, as here, prosecutorial misconduct is properly raised on objection, the judge should sustain the objection, give any curative instruction that may be proper and admonish the prosecutor and call to his attention his professional duty and standards of behavior.
(emphasis in original).
Here, the trial court correctly reprimanded the prosecutor and gave an appropriate curative instruction. Control of prosecutorial comments to the jury is within the trial court's discretion, and the exercise of that discretion will not be disturbed absent a showing of an abuse of discretion. See Esty v. State, 642 So.2d 1074, 1079 (Fla.1994), cert. denied, 514 U.S. 1027, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995). The fact that the trial court sustained the objections and gave a curative instruction to the jury when the improper comment was made also distinguishes this case from others cited where similar remarks were made. We cannot find that the trial court abused its discretion in denying the motion for mistrial based upon the improper comment.
We have reviewed the remaining points on appeal, and, finding no error, we affirm.
SHAHOOD, J., and BRYAN, BEN L., Associate Judge, concur.