PER CURIAM.
We affirm appellant’s conviction and sentence on all issues raised in this appeal. However, we write to address the prosecutor’s improper remarks made during closing argument.
Appellant was found guilty by a jury of possession of a firearm by a convicted felon, escape, resisting arrest without violence and carrying a concealed firearm. At trial, William “Billy” Lauginiger, a Fort Lauderdale police detective, testified that on the evening of October 8, 1994, he was working an off-duty detail at a popular Fort Lauderdale restaurant and nightclub. While scanning the crowded room, he observed the appellant, whom he knew, reach toward his back pants pocket to either remove his wallet or adjust his pants. Beneath appellant’s sport coat, Lauginiger could see what appeared to be the butt end *1223 of a handgun protruding from his pants on the right rear side above his pocket. Lau-giniger continued to observe appellant as he moved around in the club and saw the bulge of a gun through appellant’s sport coat. Rather than confront appellant inside the club, Lauginiger enlisted the aid of another off-duty officer to stand by while they waited outside for appellant to leave the club. When appellant exited the club and approached his car, Lauginiger and appellant shook hands and exchanged greetings. Lauginiger asked appellant if he was carrying a gun. Appellant replied that Lauginiger knew he could not carry a gun. Whereupon, Lauginiger reached around appellant’s back and removed a gun from appellant’s waistband. During attempts to arrest appellant, the back-up off-duty officer pepper sprayed appellant. Appellant ran away but was eventually apprehended and handcuffed with the assistance of a club employee.
Several defense witnesses testified concerning lighting conditions and distances inside the nightclub, raising questions about Lauginiger’s ability to see the gun in appellant’s pocket. Other defense witnesses testified about appellant’s and their relationship with Lauginiger, suggesting that Lauginiger’s bias against appellant affected his credibility.
During closing argument, the prosecutor, Maria Schneider, commented on the veracity of Lauginiger, saying “You have no reason to believe that Officer Laugini-ger is lying to you ... One does not bite the hand that feeds one, and that’s his off-duty detail, the off-duty detail ... And he continues to have this detail.” Defense counsel objected, arguing that the prosecutor’s remarks improperly suggested that Officer Lauginiger should be believed because he would not jeopardize his employment by committing perjury. The trial judge sustained the objection and admonished the prosecutor. Although the court denied defense counsel’s motion for mistrial, he granted his request for a curative instruction. The judge advised the jury that the prosecutor’s comments were improper and instructed the jury to disregard them.
In Sinclair v. State, 717 So.2d 99 (Fla. 4th DCA 1998), we recently considered similar improper remarks that vouched for the credibility of a police witness. We noted that our court has repeatedly condemned such comments and strongly rebuked the offending prosecutor for using this type of argument. However, we affirmed Sinclair’s conviction, finding that the trial court properly denied the motion for mistrial, “correctly reprimanded the prosecutor and gave an appropriate curative instruction.” Similarly, in this case, the trial judge sustained the objection, admonished the prosecutor and gave an appropriate curative instruction to the jury. Based on our holding in Sinclair, we do not find that the trial court abused its discretion in denying the motion for mistrial based upon the improper comment.
As stated above, we have reviewed the remaining points on appeal and find no error. However, we feel compelled to mention one other matter brought to our attention by appellant’s counsel. We are appalled by the transcription of the court reporter in this case, which reflects an unacceptable level of proficiency. We urge the court to reconsider utilizing the services of this court reporter, unless and until the court reporter demonstrates the necessary competence to enable reviewing courts to conduct a proper review of the record.
AFFIRMED.
POLEN, FARMER and TAYLOR, JJ., concur.