COPE, J.
Defendant-appellant was charged with one count of aggravated child abuse on K.S. (defendant’s seven-year-old biological son) and one count of aggravated child abuse on Y.M. (defendant’s former live-in girlfriend’s eight-year-old daughter). The counts were severed and the State proceeded against defendant on the count of child abuse on K.S. The State alleged that defendant shocked his son with a stun gun which was malicious punishment or willful torture, in violation of section 827.03, Florida Statutes (1995). Defendant was convicted and appeals. We conclude that there must be a new trial.
During trial, the State questioned KS.’s mother concerning prior child abuse by defendant. Defendant objected to the question and the court sustained the objection. In sustaining the objection, the trial court stated in the presence of the jury: “About any reports of prior abuse. I sustained that objection when defense counsel was asking about the same issue. Same objection.”[1] Defendant argues that the comment would inevitably lead the jury to believe that defendant had previously abused K.S. We agree.
It is uncontroverted in this record that there had been no prior report or claim that the defendant abused K.S. The trial court quite properly sustained the defense objection. In asking this question the State apparently was trying to make the point that although the child was sometimes untruthful about other things, he had never previously made a claim that he had been abused by the defendant.
Unfortunately, the court’s reference to “any reports of prior abuse,” although not intended as such, would suggest to jurors that such reports existed. The comment could not stand uncorrected and defendant was entitled to either a mistrial or a strongly worded curative instruction. Because neither was granted in this case, there must be a new trial.
*504 We reject defendant’s remaining arguments. First, over defendant’s objection, the trial court granted the State’s motion to allow the introduction of Williams rule[2] evidence — the testimony of V.M. V.M. testified that defendant also shocked her with the stun gun. We believe that the evidence was properly admitted on the issue of the intent and motive of defendant in using the stun gun. See § 90.404(2)(a), Fla. Stat. (1995). Moreover, the court gave an appropriate cautionary instruction concerning the testimony.
Second, defendant argues that the court erred in denying his motion for a mistrial in connection with certain comments made by the prosecutor during closing argument. Defendant’s objections were sustained and appropriate curative instructions were given. Under these circumstances, the trial court appropriately denied the motion for mistrial based on the improper comments. See Sinclair v. State, 717 So.2d 99, 101 (Fla. 4th DCA 1998). We trust that the prosecutor will in the future refrain from such comments.
Reversed and remanded for a new trial.

. The following transpired:
Q. In 1990 — let’s ask first about that. Did you at that point in time — excuse me. Did K. at that point in time ever communicate anything to you, anything about child abuse with regard to his father?
A. No.
Q. In 1990—
[DEFENSE COUNSEL]: Objection. [PROSECUTOR]:
Q. did you file a report or anything?
THE COURT: Sustained. I sustained the same objection on the other side.
[PROSECUTOR]: This entire area, Your Honor?
THE COURT: About any reports of prior abuse. I sustained that objection when defense counsel was asking about the same issue. Same objection.

. Williams v. State, 110 So.2d 654 (Fla.1959); see § 90.404(2), Fla. Stat.