798 So.2d 833 (2001)
Pierre Rock MAZILE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2552.
District Court of Appeal of Florida, Third District.
October 31, 2001.
Bennett H. Brummer, Public Defender, and Shaundra L. Kellam, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Kristine Keaton, Assistant Attorney General (Fort Lauderdale), for appellee.
*834 Before GERSTEN, SHEVIN, and SORONDO, JJ.
SORONDO, J.
Pierre Rock Mazile, defendant, appeals his conviction and sentence for the crime of trafficking in cocaine. His single point on appeal argues that the prosecutor's improper argument in closing argument requires a reversal. Specifically, the prosecutor said:
What evidence do we have that any officer said to [the] Officer, here, pick out this guy with this number....
They want you to think that these officer(s), everyone of these officers would put their careers at stake after they have been police officers so long on this case.
And come up here some big conspiracy it was him. Just for the hell of it, ladies and gentlemen, that some officer would come up here to a Court of law and point him out.
* * * *
They want you to think well, it was a suggestive line up. They call a print-out number five coming in here and perjuring themselves.
* * * *
Now you heard [the] Officer testify. You see the type of officer he is to get up here and lie to you? Of course not. Why would he risk his career and all the other officers.
(Emphasis added). This argument has been repeatedly held to constitute improper bolstering. See Lewis v. State, 780 So.2d 125, 130 (Fla. 3d DCA 2001); Fryer v. State, 693 So.2d 1046, 1047 (Fla. 3d DCA 1997); Buckner v. State, 689 So.2d 1202, 1203 (Fla. 3d DCA 1997); Cisneros v. State, 678 So.2d 888, 889 (Fla. 4th DCA 1996); Davis v. State, 663 So.2d 1379, 1380 (Fla. 4th DCA 1995); Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993); Garrette v. State, 501 So.2d 1376, 1379 (Fla. 1st DCA 1987); Blackburn v. State, 447 So.2d 424, 426 (Fla. 5th DCA 1984); Richmond v. State, 387 So.2d 493 (Fla. 5th DCA 1980); Francis v. State, 384 So.2d 967, 969 (Fla. 3d DCA 1980). Given the number of times this and other courts have condemned this type of argument, it is absolutely mind numbing that prosecutors are still making it.[1] Equally perplexing is the fact that defense counsel failed to record a single objection to this forbidden argument. This alarming lack of familiarity with Florida's case law in this area seems to plague both sides of the criminal arena.
Nevertheless, because there was no contemporaneous objection to the prosecutor's comments, this Court can reverse defendant's conviction and sentence only if the prosecutor's comments rise to the level of fundamental error. In McDonald v. State, the Florida Supreme Court defined fundamental error as the type of error that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." 743 So.2d 501, 505 (Fla.1999) (quoting Urbin v. State, 714 So.2d 411, 418 n. 8 (Fla. 1998)).
Although we believe that the prosecutor's impermissible bolstering was error, *835 we cannot conclude that the single comment in question rises to the level of fundamental error, as for example, did the comments in Brooks v. State, 762 So.2d 879 (Fla.2000) (total of seven improper comments; objections made as to some but not all comments), and Caraballo v. State, 762 So.2d 542 (Fla. 5th DCA 2000) (a total of sixteen improper arguments made during summation).
Affirmed.
NOTES
[1] Although we have referred lawyers who ignore this Court's precedent in this area to the Florida Bar, except in the most egregious of circumstances, we have reserved such referrals for cases involving repeat offenders. The prosecutor in this case, to our knowledge, has no such "priors." We are confident that in the future he will fully familiarize himself with the limitations on closing argument, and endeavor to avoid impermissible comments during summation.