928 So.2d 503 (2006)
Billy Joe McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3373.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*504 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Appellant Billy Joe McCoy appeals his conviction and sentence for resisting arrest without violence and criminal mischief. We reverse and remand for a new trial due to the prosecutor's improper remarks during closing argument and the trial judge's failure to instruct the jury on the defense of necessity.
The State's key witness, Deputy Paul Hutchinson, testified to the following. He was dispatched to appellant's residence in response to a 911 call. When he arrived at the scene, appellant walked out, pushed him in the chest, and informed him that he was not needed there. Disregarding orders to get on the ground, appellant attempted to leave the scene. The incident escalated into a physical struggle, during which appellant and his relatives were pepper sprayed. Appellant was placed in an air-conditioned squad car, the rear window of which appellant subsequently broke.
Appellant provided a contradictory version of events, stating that as he was returning to his house to get his keys, Hutchinson ordered him to "get down." He put his hands in the air and told the officer "ain't nothing going on here." Hutchinson then pepper sprayed him twice in the face and placed him in a squad car *505 with the air-conditioning off and the windows rolled up. According to appellant, due to his compromised immune system and resulting shortness of breath, he believed he was suffocating and, after his requests for air were ignored, he kicked out the window so he could breathe. Appellant denied hitting Hutchinson.
During closing argument, the prosecutor made the following remarks: "Deputy Hutchinson testified he was pushed by the Defendant, obviously he would know about that. The other deputies, all of them said, `I didn't see it happen, I arrived afterwards.'" The prosecutor then commented, "[d]id the witness have some interest in how the case should be decided? I would submit to you that Deputy Paul Hutchinson's interest in this case is not great enough to make him lie, he's an officer." Defense counsel objected, arguing "this is bolstering the credibility of the witness." The objection was overruled and the prosecutor proceeded, stating
he has an interest in the case being that he made the arrest, I'm sure Deputy Hutchinson like any other officer has an interest in every case he makes, they were involved, however, that interest is not great enough to lie, to get up here, take an oath and then perjure himself.
Defense counsel again objected and moved for a mistrial. The objection was noted and the motion for mistrial denied.
This court has previously condemned prosecutorial comments of this nature. See Cisneros v. State, 678 So.2d 888, 889 (Fla. 4th DCA 1996) (impermissible for prosecutor to argue: "To win a case he jeopardizes his career, to win a case he's going to put someone in jail? . . . He's not the type of man to come in and violate that sacred oath.") (emphasis omitted); Davis v. State, 663 So.2d 1379, 1380 (Fla. 4th DCA 1995) (impermissible for prosecutor to ask: "What does Officer Hadden and Officer Kahir have to gain by putting their careers in jeopardy, taking the stand and perjuring themselves?") (emphasis omitted); Clark v. State, 632 So.2d 88, 91 (Fla. 4th DCA 1994) (error for prosecutor to state: "[W]ould they [the police] actually put their credibility with this Court, put their jobs on the line by coming in here and risking getting caught by not telling the truth . . . ?"), overruled on other grounds by T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996).
The State concedes the prosecutor's remarks were improper, but argues a new trial is unwarranted in light of Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998). We find Lewis distinguishable. There, the Third District held comments similar to those made here harmless in light of overwhelming evidence of defendant's guilt, i.e., the victim of an armed carjacking found the defendant's wallet under the car seat and identified the defendant as the person who committed the crime from photographs found in the wallet. Here, the testimonies of the State's witnesses conflicted with those for the defense. As a result, the State's case hinged on the credibility of the officers and, as highlighted by the prosecutor, the testimony of Deputy Hutchinson. This court cannot find beyond a reasonable doubt that the prosecutor's comments did not contribute to the guilty verdict. See Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993) (concluding that prosecutor's references to officers' "unblemished records" could not be considered harmless "[b]ecause this case came down to a swearing match between the officers and appellant's witness").
We also write to address the trial court's denial of appellant's request for an instruction on the defense of necessity. Appellant claimed he broke the squad car's window because his health condition causes him shortness of breath and being *506 locked in the squad car with no air caused him to believe he was suffocating. The trial judge refused to give the requested instruction, but stated appellant could argue he broke the window out of necessity. A "[d]efendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instructions." Hooper v. State, 476 So.2d 1253, 1256 (Fla. 1985). The elements of the necessity defense are
"(1) that the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others, (2) that the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct, (3) that there existed no other adequate means to avoid the threatened harm except the criminal conduct, (4) that the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it, and (5) that the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended."
W.E.P., Jr. v. State, 790 So.2d 1166, 1172 n. 4 (Fla. 4th DCA 2001) (quoting Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998)). Appellant's trial testimony, if believed, could establish these elements. Based on the record presented, the trial court erred by not giving the requested necessity instruction.
Accordingly, we reverse appellant's conviction and sentence and remand for a new trial.
GUNTHER and FARMER, JJ., concur.