PER CURIAM.
 

 Appellant appeals his conviction of burglary of a dwelling. Testimony during trial revealed that appellant’s fingerprints were found on the sliding glass door to the victim’s house. His fingerprints were also found on the vehicle that the victim saw pulling out from her driveway as she returned home. Additionally, appellant admitted to officers that he had the key to the vehicle and possession of the vehicle at the date and time the burglary occurred. During closing argument, the prosecutor referred to the testimony of the deputy who lifted the fingerprints and stated, “[H]e is my expert, and he is very credible.” The defense objected due to improper bolstering, and the trial court overruled the objection. We find this was error, but the error was harmless as there was no reasonable possibility, under the specific facts of this case, that the comment influenced the verdict.
 
 See King v. State,
 
 623 So.2d 486, 488 (Fla.1993);
 
 Buckner v. State,
 
 689 So.2d 1202 (Fla. 3d DCA 1997) (finding error harmless where the state told the jury it would find the police officer “very credible” and in closing stated that the officer testified “truthfully” and put his “credibility on the line”). We note, however, that this type of comment comes perilously close to being the basis for reversal, and it is only under the specific facts of this case that we find the error to be harmless. We caution that these types of comments should be avoided.
 

 Affirmed.
 

 MAY, DAMOORGIAN and LEVINE, JJ., concur.