STEVENSON, J.
The defendant, Reginald Bell, appeals his conviction and sentence for sale of cocaine within 1,000 feet of a place of worship. The defendant allegedly sold drugs to an undercover officer out of his home. The defendant presented the testimony of his girlfriend who stated she was with him on the night of the crime. During closing argument, in discussing the different witnesses’ testimonies, the State argued:
Is it worth it, is it worth it for these two cops who have been with the force for over twelve years to fabricate and falsify police reports, arrest someone that they felt like arresting, and then come in here after taking an oath, lie in a Court of law to the jury panel—
Defense counsel immediately objected, claiming the argument was improper bolstering of the police officer’s testimony.[1] We agree that the trial court abused its discretion in overruling the objection. The statement clearly asks the jury “is it worth it” for officers on the force to sacrifice their careers to falsely testify — a practice condemned by this court. See Davis v. State, 663 So.2d 1379, 1382 (Fla. 4th DCA 1995) (“The credibility of police officer witnesses cannot be bolstered by arguing that they would put their careers in jeopardy by lying.”); Clark v. State, 632 So.2d 88, 91 (Fla. 4th DCA 1994) (noting that it is improper for a prosecutor to attempt to persuade the jury that police officers would not testify falsely because they have too much at stake and would not risk then-jobs), overruled, on other grounds, T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996). Here, the State cannot show the evidence was harmless beyond a reasonable doubt because this case came down to a swearing match as the officer’s testimony was the only evidence linking the defendant to the crime. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

Reversed and remanded for a new trial.

DAMOORGIAN and CONNER, JJ., concur.

. Although two undercover officers testified, only one identified the defendant as the perpetrator.